IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SA'MONE MARQUIS,       : | |
|     Plaintiff,       : | |
|         : | |
| v.       : | Case No. 2:25-cv-07005-JDW |
|         : | |
| PHILADELPHIA GAS WORKS, (PGW),  : | |
|     Defendant.       : | |

## MEMORANDUM

Sa'mone Marquis asserts claims under the American With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* For the following reasons, I will grant Ms. Marquis leave to proceed *in forma pauperis* and dismiss the Amended Complaint without prejudice. I will grant her leave to file a second amended complaint if she can allege additional facts to cure the deficiencies that I identify in this Memorandum.

## I.     FACTUAL ALLEGATIONS

In 2025, PGW hired Ms. Marquis as a call-center representative. She suffers from chronic asthma, cardiac-related symptoms, and anxiety. She disclosed these conditions and requested unspecified accommodations. PGW granted temporary accommodations but terminated Ms. Marquis before she could submit a doctor's note or "engage in a permanent interactive process." (ECF No. 7 at ¶ 7.[1]) She also experienced "sexual

---

[1] Ms. Marquis filed an amended complaint on December 30, 2025. An amended complaint supersedes the prior pleading and serves as the governing pleading in a case. *See W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

harassment and hostile conduct, including inappropriate comments about appearance, intrusive behavior, and inconsistent enforcement of policies" (*id.* ¶ 8), but she does not describe these events with any detail; state whether these were the acts of supervisors, coworkers, or others; describe the "policies;" or state when these events occurred. She reported safety concerns related to her disabilities and "within days of making these protected disclosures, [she] was terminated." (*Id.* ¶¶ 9, 10.) PGW claimed that she lied about the incidents, but she contends this was pretextual.

Ms. Marquis asserts a claim for disability discrimination. She asserts a claim for failure to accommodate because, even though an accommodation was "temporarily granted," PGW "failed to engage in the interactive process by not following up to receive documentation, discuss alternatives, or implement permanent accommodations" before she was fired. (*Id.* ¶¶ 13, 14.) Ms. Marquis also asserts a retaliation claim. She also claims she was terminated for unlawful and retaliatory reasons and was subjected to "sexual harassment, inconsistent policy enforcement, and conduct exacerbating her disabilities." (*Id.* ¶ 18.)

**II.   STANDARD OF REVIEW**

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. See *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.*

## III. DISCUSSION

### A. *In Forma Pauperis*

Ms. Marquis has completed the Court's required forms to show, and attested under penalty of perjury, that she cannot afford to pay the required fees. I will therefore grant her leave to proceed *in forma pauperis*.

### B. Plausibility Of Claims

The ADA prohibits covered entities from discriminating against qualified employees based on their disabilities. *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020). Ms. Marquis asserts she was terminated on account of a disability, PGW failed to accommodate her disability, and she suffered retaliation and a hostile work

environment. Because her allegations in the Amended Complaint are best described as vague, undeveloped, and lacking in any specifics, she has failed to allege facts to make her claims plausible and they cannot proceed.

### 1. Termination

To state a claim for employment discrimination under the ADA, a plaintiff must allege that she has a disability within the meaning of the ADA, she was "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;] and she suffered an otherwise adverse employment decision as a result of discrimination." *Morgan v. Allison Crane & Rigging LLC*, 114 F.4 214, 221 (3d Cir. 2024) (quotation omitted)). An "adverse employment decision" can include refusing to make reasonable accommodations for employee's disabilities. *See Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 579 (3d Cir. 1998).

A person is disabled within the meaning of the ADA if they: (1) have '"a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Morgan*, 114 F.4 at 221 (quoting 42 U.S.C. § 12102(1)). Major life activities include, *inter alia*, breathing and the functions of the brain, and the respiratory and circulatory systems. § 12102(2)(A), (B). Ms. Marquis alleges that she has asthma, cardiac issues, and anxiety, that those conditions limit her major life activities, including breathing and stress

regulation, and that she communicated all of this to PGW. She has therefore plausibly alleged that she has a disability withing the meaning of the ADA

However, Ms. Marquis does not allege facts supporting that she was otherwise qualified to perform the essential functions of her job with or without accommodations. She does not describe her job functions or how the nature of her disability, with or without an accommodation, impacted her qualification to perform those functions. She also has failed to allege that she was terminated because of disability discrimination. Ms. Marquis alleges only that PGW terminated her employment "before she could submit a doctor's note or engage in a permanent interactive process." (ECF No. 7, ¶ 7.) This fails to allege plausibly that she suffered an adverse employment action because of discrimination. I will therefore dismiss her termination claim.

### 2. Failure to accommodate

Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that (a) she was disabled and her employer knew it; (b) she requested an accommodation or assistance; (c) her employer did not make a good faith effort to assist; and (d) she could have been reasonably accommodated. *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir.

5

2017). Ms. Marquis alleges that she was provided otherwise unspecified "temporary accommodations" but does not identify any accommodation or assistance that she requested and PGW failed to provide or failed to make a good faith effort to provide. Any claim based on a failure to accommodate is, therefore, not plausible.

### 3. Hostile work environment

To state a claim for a hostile work environment in the context of the ADA, a plaintiff must allege that (1) she is a qualified individual with a disability under the ADA; (2) she was subject to unwelcome harassment; (3) her employer harassed her because of her disability or because of a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and to cause an abusive working environment; and (5) the defendant employer knew or should have known of the harassment and failed to take prompt effective remedial action. *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999). But the ADA does not create a general civility code. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Ms. Marquis asserts in conclusory terms only that she experienced a hostile work environment and sexual harassment. This type of conclusory allegation is not sufficient to allege a claim. *Iqbal*, 556 U.S. at 678. Her ambiguous and vague allegations that fail to describe events of harassment with any detail, identify who was involved, or provide a temporal context for the events means that her claim fails to comply with Rule 8's

requirement of a short plain statement sufficient to provide enough information to put a defendant on notice to prepare a defense. I will therefore dismiss this claim.

### 4.     Retaliation

The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge … under [the ADA]." This provision is like Title VII's prohibition of retaliation. *See* 42 U.S.C. § 2000e-3(a). Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing cases).

A plaintiff states a plausible retaliation claim based on disability discrimination if she "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII [or here the ADA]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). A general complaint about unfair treatment does not constitute protected activity; a plaintiff must allege that she complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995). Under the ADA, seeking an accommodation is a "protected activity." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010).

Ms. Marquis's vague allegations concerning retaliation are undeveloped and, accordingly, fail to allege a plausible retaliation claim. First, she does not identify the "safety concerns" she reported. Second, while she claims she was terminated shortly after disclosing her medical condition, requesting accommodations, and reporting harassment, she fails to identify the nature of any accommodation that she requested (or any that PGW denied in bad faith) or state any non-conclusory facts concerning harassment. Thus, she fails to assert plausibly that she engaged in protected conduct or that a causal link exists between protected conduct and her termination.

## IV.    CONCLUSION

I will grant Ms. Marquis leave to proceed *in forma pauperis* and dismiss the Amended Complaint without prejudice. Given her *pro se* status, I will give Ms. Marquis leave to file a second amended complaint if she can allege additional facts to cure the defects that I have identified in her claims. An appropriate Order follows containing additional instructions as to amendment. I will deny her motion for referral to mediation as premature.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 8, 2026