**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SA'MONE MARQUIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-07005-JDW** |
| | : | |
| **PHILADELPHIA GAS WORKS, (PGW),** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

Simone Marquis alleges a variety of problems during her tenure at Philadelphia
Gas Works. On an initial screening, she has pled facts to support claims that PGW
terminated her based on her disabilities, that she suffered a sex-based hostile work
environment, and that PGW retaliated against her for complaining about sex-based
harassment. She has not pled facts to support a claim that PGW failed to accommodate
her disabilities or that PGW retaliated against her based on protected conduct under the
ADA.

## I.    FACTUAL ALLEGATIONS[1]

Ms. Marquis worked for PGW as a call center representative. She suffers from
chronic asthma, cardiac-related symptoms, and anxiety, but she does not allege how these
conditions substantially limit a major life activity. She notified PGW about her conditions.

---

[1] The facts are taken from the SAC. Where I quote the pleading, I have cleaned up
punctuation, capitalization, and spelling, as needed.

She was qualified to perform her job as a call-center representative with "the reasonable accommodations requested," but she does not describe her job functions, the nature of the requested accommodations, or whether PGW granted or denied those requests. (ECF No. 10 at ¶ 5.) She formally disclosed her conditions on December 8, 2025, though she asserts that PGW knew about them earlier. On December 11, 2025, someone from PGW's Labor & Relations Department "aggressively terminated" her. (*Id.* at ¶ 16.) PGW said it was terminating her for dishonesty during an investigation.

During her time at PGW, Ms. Marquis experienced various workplace incidents that she describes as sexual harassment. On her first day of employment, a male coworker used a gender-based slur, and a manager refused to give her information to contact HR. Then, when PGW fired the co-worker for violence, PGW refused to provide safe transportation for her the next day. She experienced a "hostile 'mean girl' environment" when two coworkers engaged in a pervasive culture of isolation and intimidation. In November and December 2025, a coworker engaged in pervasive sexual harassment, including comments on Ms. Marquis's physical appearance, invasive medical questioning, and violations of physical boundary protocols. That same coworker spoke over her and undermined her. A trainer told her that he liked black hair more than Ms. Marquis's blonde hair. An Attendance Manager required Ms. Marquis to remove a headband. Ms. Marquis tried to report those incidents, but two people from HR shamed her for not using the label "sexual harassment."

Ms. Marquis filed suit on December 11, 2025, and an Amended Complaint on December 30, 2025. On January 8, 2026, I issued a Memorandum and an Order that granted her leave to proceed *in forma pauperis* and dismissed her Amended Complaint without prejudice. In the Memorandum, I provided Ms. Marquis with the information she needed to allege plausible termination, failure to accommodate, retaliation, and hostile work environment claims. Ms. Marquis filed a Second Amended Complaint ("SAC") on January 23, 2026. She asserts four claims: (1) disability discrimination in violation of the ADA, based on her termination; (2) failure to accommodate under the ADA; (3) retaliation under the ADA and Title VII; and (4) hostile work environment based on sex in violation of Title VII.

## II.    STANDARD OF REVIEW

Because I granted Ms. Marquis leave to proceed *in forma pauperis*, her case remains subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is

proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185

(3d Cir. 2021).

## III.    DISCUSSION

### A.    ADA

#### 1.    Disparate treatment—termination

Ms. Marquis alleges that (a) she has a disability—including asthma and anxiety;[2]

(b) she was qualified for her job; (c) and she suffered an adverse job action when PGW

terminated her. She also alleges that the termination happened three days after she

disclosed her conditions. That temporal proximity is enough to infer that her disability

was the cause of the termination decision. Thus, she has pled facts to establish the

elements of her claim arising from her termination. *See Morgan v. Allison Crane & Rigging*

*LLC*, 114 F.4th 214, 221 (3d Cir. 2024).

#### 2.    Failure to accommodate

To state a claim for failure to accommodate, a plaintiff must allege sufficient facts

to support a reasonable inference that (a) she was disabled and her employer knew it; (b)

she requested an accommodation or assistance; (c) her employer did not make a good

faith effort to assist, and (d) the employer could reasonably have accommodated her.

*Capps v. Modelez Global LLC*, 847 F.3d 144, 157 (3d Cir. 2017). Ms. Marquis has alleged

---

[2] Ms. Marquis alleges that she has cardiac-related symptoms, but without more detail, I don't know whether they are the type of symptoms that limit a major life activity and that therefore qualify as a disability. They might, and she will have the opportunity to demonstrate that going forward in the case.

facts to support the fact of her disability and PGW's knowledge of it. But he has not alleged anything about her job functions, what accommodation she requested, how she could have performed those functions either with or without an accommodation, whether the accommodation was reasonable, and whether PGW failed to accommodate her or engage in an interactive process to determine if it could accommodate her. Those failures doom her claim. And, because Ms. Marquis has already had an opportunity to amend this claim based on my prior Memorandum, her failure leads me to conclude that further amendment would be futile. Therefore, I will dismiss her failure to accommodate claim with prejudice. *See U.S. ex rel. Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

### B.    Hostile Workplace

To plead a hostile work environment claim under Title VII, a plaintiff must allege: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020). Ms. Marquis alleges that she suffered regular slights based on her sex throughout many months, and she includes several specific examples. She also alleges that some of the harassment came from

5

supervisors and from HR employees. At this early stage of the case, her allegations are enough to state a claim for hostile work environment.

### C.      Retaliation

To plead retaliation under either Title VII or the ADA, a plaintiff must plead (1) she engaged in protected conduct, (2) the employer took adverse action against her, and (3) a causal link exists between her protected conduct and the employer's adverse action. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Under the ADA, seeking an accommodation is a protected activity. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010).

Ms. Marquis does not allege that she engaged in any ADA-related protected conduct. Although she makes reference to accommodations, she does not allege that she ever requested an accommodation or otherwise that she complained about discrimination on the basis of disability. Her disability-related retaliation claim is therefore not plausible, and I will dismiss it with prejudice.

Ms. Marquis does allege that she complained about sexual harassment. She also alleges that employees in PGW's HR department shamed her for making that allegation and tried to discourage her from engaging in further protected activity. That's enough to satisfy the remaining elements of a retaliation claim under Title VII, so that claim can proceed.

## IV.    CONCLUSION

Not all of Ms. Marquis's claims can proceed, but several can. In particular, she has pled disability discrimination based on her termination, a sex-based hostile work environment, and retaliation for complaining about sex-based harassment. I will therefore permit those claims to proceed. An appropriate Order follows with additional details about how Ms. Marquis must proceed.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

March 13, 2026